**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juana Gutierrez,<br><br>      Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>      Defendant. | No. CV-13-02168-PHX-DGC<br><br>**ORDER** |

   Pursuant to 42 U.S.C. § 405(g), Plaintiff Juana Gutierrez seeks judicial review of Defendant's decision finding her not disabled within the meaning of the Social Security Act. Defendant, the Acting Commissioner of Social Security ("Commissioner"), has filed a motion to remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 15. The motions are fully briefed and no party has requested oral argument. The Court will remand this case for further administrative proceedings.

**I. Background.**

   Plaintiff applied for disability insurance benefits on June 23, 2010, alleging disability beginning on May 6, 2009. After a hearing on May 18, 2012, an administrative law judge ("ALJ") issued an opinion on May 31, 2012 finding Plaintiff not disabled. A request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision.

/ / /

**II. Legal Standard.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

**III. Analysis.**

Plaintiff advances five arguments as to why the ALJ's decision was erroneous. First, she argues that the ALJ failed to properly weigh the medical source opinion of treating physician Dr. Moya. Doc. 13 at 11. Second, she argues that the ALJ failed to properly weigh the medical source opinion of examining physician Dr. Suarez. *Id*. at 14. Third, Plaintiff asserts that the ALJ failed to properly weigh her reported symptoms. *Id*. at 17. Fourth, she argues that the ALJ improperly rejected the testimony of her friend, Esther Macias. *Id.* at 21. Finally, she asserts that the ALJ's vocational hypothetical was incomplete. *Id*. at 22.

Defendant asks the Court to remand the case to the Appeals Council to enable the ALJ to update the treatment evidence on Plaintiff's medical condition; to obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's impairment; to more clearly evaluate Dr. Suarez's opinion and explain the reasons for the weight she gives this opinion evidence; to reconsider Plaintiff's RFC on the updated record; to consider whether Plaintiff has past relevant work experience that she could perform with the limitations established by the evidence; and to secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. Doc. 15 at 2. Plaintiff opposes Defendant's motion to remand and argues that the case should be remanded for an award of benefits based on the credit-as-true doctrine. Doc. 18 at 4-5. Because there are outstanding issues that have yet to be resolved, the Court will remand the case for further proceedings.

In *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996), the Ninth Circuit held

that evidence should be credited and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Remand for an award of benefits is appropriate where the record is "fully developed." *Reddick*, 157 F.3d at 728.

Assuming, without deciding, that the ALJ improperly discounted the medical opinions and testimony mentioned above, it is not clear that the ALJ would be required to find Plaintiff disabled if they were credited as true. As Plaintiff acknowledges (Doc. 13 at 22), there is no vocational expert testimony considering all of the limitations assessed by Drs. Moya and Suarez in their medical opinions and explaining what jobs would be available to Plaintiff if any of the assessed limitations were accepted as true. Similarly, there is no vocational expert testimony considering all of the limitations alleged by Plaintiff and Esther Macias. Accordingly, it is not clear to the Court that the ALJ would be required to find Plaintiff disabled if any of these sources were credited as true. The Court will therefore remand the case for further proceedings.

**IT IS ORDERED** that this case is **remanded** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk shall **terminate** this action.

Dated this 25th day of August, 2014.

_____
David G. Campbell
United States District Judge