**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juana Gutierrez, | No. CV-13-02168-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Plaintiff Juana Gutierrez has filed a motion for reconsideration (Doc. 20) of the Court's August 25, 2014 order remanding the case for further proceedings (Doc. 19). The Court will deny the motion.

Plaintiff argues that the case should have been remanded for an award of benefits based on the "credit-as-true" rule rather than for further proceedings. Doc. 20 at 2. Plaintiff argues that the opinions of Drs. Moya and Suarez, if credited as true, would establish disability as a matter of law and would not require interpretation by a vocational expert. Doc. 20 at 2. Plaintiff cites SSR 96-8p for the proposition that "an individual who cannot sustain a full time work pace – 8 hours a day, 5 days a week – is disabled[.]" *Id.* The Court is not convinced that Plaintiff accurately reads the regulation, nor is it convinced that the limitations assessed by Drs. Moya and Suarez would preclude all work for Plaintiff.

In *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996), the Ninth Circuit held that evidence should be credited and an action remanded for an immediate award of

benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.  Plaintiff correctly notes that even where the requirements of the credit-as-true rule are met, the Court may "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison v. Colvin*, -- F.3d --, 2014 WL 3397218, at *21 (9th Cir. 2014).

An analysis of the opinions of Drs. Moya and Suarez demonstrates the existence of outstanding issues and provides serious doubt as to whether the record establishes that Plaintiff is disabled.  Dr. Suarez opined that Plaintiff had no restrictions on standing or walking (A.R. 230), while Dr. Moya opined that Plaintiff could sit for more than four hours but less than six and stand or walk for less than 2 hours (A.R. 333).  The vocational expert was asked a hypothetical about a person that could stand, sit, and walk for six hours per day and based her opinion on those restrictions.  A.R. 40.  She did not consider the limitations assessed by Dr. Suarez.  Assuming the opinion of Dr. Suarez regarding Plaintiff's unlimited ability to stand and walk were credited as true, the Court cannot conclude that an award of benefits would be required.  This evidence creates serious doubt as to whether Plaintiff is disabled and is precisely the type of outstanding issue for which further proceedings would serve a useful purpose.  Accordingly, the Court will not reconsider its decision to remand the case for further proceedings.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 20) is **denied**.

Dated this 12th day of September, 2014.

_____
David G. Campbell
United States District Judge