**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juana Gutierrez, | No. CV-13-02168-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Plaintiff has made an application to this Court for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 22 at 1. Defendant has made a partial objection to Plaintiff's application based on time spent opposing Defendant's motion to remand. Doc. 24 at 2. For the reasons that follow, this Court will grant Plaintiff's request for fees, reduced by the amount to which Defendant objects.

**I.   Background.**

On May 31, 2012, the Social Security Administration denied Plaintiff's claim for Social Security Disability Benefits. Doc. 27 at 1. On August 25, 2014, this Court remanded for further proceedings. Doc. 19.

Plaintiff has petitioned the Court for attorney's fees and costs under the EAJA. Doc. 22. Plaintiff originally requested $6,195.86 plus filing fees of $400.00. *Id*. at 1. Plaintiff now requests $6,195.86, filing fees of $350.00, and an additional $189.78 for fees incurred drafting the reply. Doc. 27 at 9. Defendant argues that the fees should be reduced by 5.7 hours ($1,081.75) for time Plaintiff's counsel spent opposing Defendant's

motion to remand for further proceedings. Doc. 24 at 2. Defendant argues that Plaintiff could not reasonably have expected the Court to make an award of benefits in this case. Doc. 24 at 2.

**II.  Legal Standard.**

The statute authorizing fees states that "fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted proceedings." 28 U.S.C. § 2412(d)(2). Where a plaintiff has only achieved partial or limited success, a court may reduce the hours accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

The key question in assessing whether Plaintiff can obtain fees for unsuccessfully challenging a remand is whether Plaintiff's belief in her right to relief was reasonable. *Rogers v. Astrue*, 2010 WL 4569058, at *3, No. 1:09-cv-02158-JLT (E.D. Cal., Nov. 3, 2010). In *Rogers*, the court determined that the plaintiff could not have reasonably expected that the court would order a remand for an award of benefits and that opposition to the remand "unnecessarily prolong[ed]" the proceedings. *Id*. at *5. In a similar case, the district court found that the plaintiff's opposition to a remand was unreasonable because the "plaintiff should have recognized that the conflicting evidence clearly warranted remand." *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 115-116 (E.D.N.Y. 2000).

**III.  Analysis.**

Defendant argues that Plaintiff should have realized that remand for further proceedings was warranted. The Court agrees. As the Court explained in denying Defendant's motion for reconsideration:

> An analysis of the opinions of Drs. Moya and Suarez demonstrates the existence of outstanding issues and provides serious doubt as to whether the record establishes that Plaintiff is disabled. Dr. Suarez opined that Plaintiff had no restrictions on standing or walking (A.R. 230), while Dr. Moya opined that Plaintiff could sit for more than four hours but less than six and stand or walk for less than 2 hours (A.R. 333). The vocational expert was asked a hypothetical about a person that could stand, sit, and walk for six hours per day and based her opinion on those restrictions. A.R.

> 40. She did not consider the limitations assessed by Dr. Suarez. Assuming the opinion of Dr. Suarez regarding Plaintiff's unlimited ability to stand and walk were credited as true, the Court cannot conclude that an award of benefits would be required. This evidence creates serious doubt as to whether Plaintiff is disabled and is precisely the type of outstanding issue for which further proceedings would serve a useful purpose.

Doc. 21 at 2. The Court finds Plaintiff's belief that the Court should have ordered an award of benefits to be unreasonable, and denies the request for fees incurred in arguing otherwise. *Rogers*, 2010 WL 4569058. at *3.

**IT IS ORDERED** that Plaintiff is awarded $5,653.89 under the EAJA ($6,385.64 in fees less $1,081.75, plus $350 for the filing fee).

Dated this 20th day of January, 2015.

David G. Campbell
United States District Judge

- 3 -